

# *In The State Court of Chatham County*

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

| | |
|---|---|
| **REBECCA ANN DOUBERLY GORMAN as Surviving Spouse of ROBERT GREGORY GORMAN, deceased, and as Administrator of the Estate of ROBERT GREGORY GORMAN, deceased,** | |
| Plaintiff | **Case Number** |

**Vs**

| | |
|---|---|
| **QFS TRANSPORTATION, LLC, ADONAI FAMILY ENTERPRISES, LLC, JOSE RODRIGUEZ TELLADO, AMTRUST NORTH AMERICA, INC., ATLANTIC SPECIALTY INSURANCE COMPANY and WESCO INSURANCE COMPANY,** | Address of Defendant<br><br>ADONAI FAMILY ENTERPRISES, LLC<br>838 MENDOZA DRIVE<br>PONCIANA, FLORIDA 34758 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: ADONAI FAMILY ENTERPRISES, LLC

Defendant's Address 838 MENDOZA DRIVE, PONCIANA, FLORIDA 34758

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> JAMES N. OSTEEN JR.
> OSTEEN LAW GROUP
> P.O. BOX 1309
> HINESVILLE, GA 31310

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____day of_____, 20____

*Brian K. Hart*

**CLERK OF COURT**
**State Court of Chatham County**

_____
Deputy Clerk, State Court of Chatham County

Not valid until signed and sealed by a Deputy Court Clerk.

**PRINT**

27. Summons 09-05

EXHIBIT A



# *In The State Court of Chatham County*

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

---

**REBECCA ANN DOUBERLY GORMAN as Surviving Spouse of ROBERT GREGORY GORMAN, deceased, and as Administrator of the Estate of ROBERT GREGORY GORMAN, deceased,**

Plaintiff

**Case Number**

**Vs**

**QFS TRANSPORTATION, LLC, ADONAI FAMILY ENTERPRISES, LLC, JOSE RODRIGUEZ TELLADO, AMTRUST NORTH AMERICA, INC., ATLANTIC SPECIALTY INSURANCE COMPANY and WESCO INSURANCE COMPANY,**

Defendant

Address of Defendant

JOSE RODRIGUEZ TELLADO
838 MENDOZA DRIVE
KISSIMMEE, FLORIDA 34758

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: JOSE RODRIGUEZ TELLADO

Defendant's Address 838 MENDOZA DRIVE, KISSIMMEE, FLORIDA 34758

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

JAMES N. OSTEEN JR.
OSTEEN LAW GROUP
P.O. BOX 1309
HINESVILLE, GA 31310

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____

*Brian K. Hart*

***CLERK OF COURT***
***State Court of Chatham County***

Not valid until signed and sealed by a Deputy Court Clerk

_____
Deputy Clerk, State Court of Chatham County

PRINT

EXHIBIT A

27. Summons 09-05



# *In The State Court of Chatham County*

### 133 Montgomery Street, Room 501, Savannah, GA 31401

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

| | |
|---|---|
| **REBECCA ANN DOUBERLY GORMAN as Surviving Spouse of ROBERT GREGORY GORMAN, deceased, and as Administrator of the Estate of ROBERT GREGORY GORMAN, deceased,** | |

Plaintiff

**Vs**

| | |
|---|---|
| **QFS TRANSPORTATION, LLC, ADONAI FAMILY ENTERPRISES, LLC, JOSE RODRIGUEZ TELLADO, AMTRUST NORTH AMERICA, INC., ATLANTIC SPECIALTY INSURANCE COMPANY and WESCO INSURANCE COMPANY,** | Address of Defendant<br><br>AMTRUST NORTH AMERICA<br>40 TECHNOLOGY PARKWAY SOUTH<br>SUITE 300<br>NORCROSS, GEORGIA 30092 |

**Case Number**

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: AMTRUST NORTH AMERICA

Defendant's Address 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GEORGIA 30092

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

JAMES N. OSTEEN JR.
OSTEEN LAW GROUP
P.O. BOX 1309
HINESVILLE, GA 31310

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____

*Brian K. Hart*

***CLERK OF COURT***
***State Court of Chatham County***

Not valid until
signed and sealed
by a Deputy Court
Clerk

_____
Deputy Clerk, State Court of Chatham County

PRINT

27. Summons 09-05

EXHIBIT A



# In The State Court of Chatham County

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

---

REBECCA ANN DOUBERLY GORMAN as
Surviving Spouse of ROBERT GREGORY
GORMAN, deceased, and as Administrator
of the Estate of ROBERT GREGORY
GORMAN, deceased,

Plaintiff

**Case Number**

**Vs**

QFS TRANSPORTATION, LLC, ADONAI FAMILY
ENTERPRISES, LLC, JOSE RODRIGUEZ TELLADO,
AMTRUST NORTH AMERICA, INC., ATLANTIC
SPECIALTY INSURANCE COMPANY and WESCO
INSURANCE COMPANY,

Defendant

Address of Defendant

ATLANTIC SPECIALTY INSURANCE
COMPANY
40 TECHNOLOGY PARKWAY SOUTH
SUITE 300
NORCROSS, GEORGIA 30092

### SUMMONS

TO THE ABOVE NAMED DEFENDANT: ATLANTIC SPECIALTY INSURANCE COMPANY

Defendant's Address 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GEORGIA 30092

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

JAMES N. OSTEEN JR.
OSTEEN LAW GROUP
P.O. BOX 1309
HINESVILLE, GA 31310

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____

*Brian K. Hart*

***CLERK OF COURT***
***State Court of Chatham County***

Not valid until
signed and sealed
by a Deputy Court
Clerk

_____
Deputy Clerk, State Court of Chatham County

PRINT

27. Summons  09-05

EXHIBIT A



# *In The State Court of Chatham County*

**133 Montgomery Street, Room 501, Savannah, GA 31401**

www.statecourt.org  ·  Phone (912) 652-7224  ·  FAX (912) 652-7229  ·  clerk@statecourt.org

| | |
|---|---|
| **REBECCA ANN DOUBERLY GORMAN as Surviving Spouse of ROBERT GREGORY GORMAN, deceased, and as Administrator of the Estate of ROBERT GREGORY GORMAN, deceased,** | |
| Plaintiff | **Case Number** |

**Vs**

| | |
|---|---|
| **QFS TRANSPORTATION, LLC, ADONAI FAMILY ENTERPRISES, LLC, JOSE RODRIGUEZ TELLADO, AMTRUST NORTH AMERICA, INC., ATLANTIC SPECIALTY INSURANCE COMPANY and WESCO INSURANCE COMPANY,** | Address of Defendant<br><br>WESCO INSURANCE COMPANY<br>40 TECHNOLOGY PARKWAY SOUTH<br>SUITE 300<br>NORCROSS, GEORGIA 30092 |
| Defendant | |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: WESCO INSURANCE COMPANY

Defendant's Address 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GEORGIA 30092

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

> JAMES N. OSTEEN JR.
> OSTEEN LAW GROUP
> P.O. BOX 1309
> HINESVILLE, GA 31310

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____

*Brian K. Hart*

***CLERK OF COURT***
***State Court of Chatham County***

Not valid until signed and sealed by a Deputy Court clerk

_____
Deputy Clerk, State Court of Chatham County

`PRINT`

EXHIBIT A

27. Summons 09-05

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| REBECCA ANN DOUBERLY GORMAN, as Surviving Spouse of ROBERT GREGORY GORMAN, deceased, and as Administrator of the Estate of ROBERT GREGORY GORMAN, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> QFS TRANSPORTATION, LLC, ADONAI FAMILY ENTERPRISES, LLC, JOSE RODRIGUEZ TELLADO, AMTRUST NORTH AMERICA, INC., ATLANTIC SPECIALTY INSURANCE COMPANY and WESCO INSURANCE COMPANY, <br> Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. _____ ) ) <u>JURY TRIAL DEMANDED</u> ) ) ) ) ) ) |

## COMPLAINT FOR DAMAGES

COMES NOW, REBECCA ANN DOUBERLY GORMAN (**"Plaintiff"** or **"Ms. Gorman"**), as Surviving Spouse of ROBERT GREGORY GORMAN, deceased, (**"Mr. Gorman"**), and as Administrator of the Estate of ROBERT GREGORY GORMAN, deceased, Plaintiff in the above-styled case, and makes and files this Complaint for Damages (the "**Complaint**") against QFS TRANSPORTATION, LLC ("**QFS**"), ADONAI FAMILY ENTERPRISES, LLC (**"Adonai"**), and JOSE RODRIGUEZ TELLADO (**"Mr. Tellado"**), and together with QFS, Adonai, and Mr. Tellado, being collectively referred to as **"Tort Defendants"**), AMTRUST NORTH AMERICA, INC. (**"Amtrust Insurance"**) , ATLANTIC SPECIALTY INSURANCE COMPANY (**"Atlantic Insurance"**), and WESCO INSURANCE COMPANY (**"Wesco Insurance"** and together with the Tort Defendants, being collectively referred to as the **"Defendants"**),  as follows:

EXHIBIT A

1.

This is an action for the wrongful death of Mr. Gorman arising out of a motor vehicle incident involving a large tractor-trailer operated by Mr. Tellado while engaged in the interstate transportation of property on behalf of QFS, a motor carrier subject to the Federal Motor Carrier Safety Regulations, 49 CFR 350-399 (collectively, the **"FMCSR"**), as well as all corresponding regulations of the State of Georgia. This incident, which occurred in Bryan County, Georgia on April 11, 2019 and is further described below, is referred to throughout this Complaint as the **"Incident"**. Pursuant to O.C.G.A. § 40-1-112 and other statutory and decisional authority, the state law tort claims set forth herein are coupled with a direct-action claim against Amtrust Insurance, Atlantic Insurance and Wesco Insurance, as the insurer of QFS.

## STATEMENT OF THE PARTIES, JURISDICTION, AND VENUE

2.

At all times alleged herein, Ms. Gorman was, and remains, a citizen and resident of Bryan County, Georgia, and is competent in all respects to prosecute the instant action.

3.

QFS is a for profit limited liability company organized under the laws of the State of Georgia, with its principal place of business located at 6054 Commerce Court, Garden City, Chatham County, Georgia 31418. At all times relevant to this Complaint, QFS was, and remains, an interstate "motor carrier" (as defined by the FMCSR) authorized to transact business, and does in fact transact business, in the State of Georgia. Pursuant to O.C.G.A. § 40-1-117, but without limiting Plaintiff's right to pursue other methods of service, QFS may be served through its registered agent for service of process in the State of Georgia, Todd Hammerstrom, at 6054 Commerce Court, Garden City, Chatham County, Georgia 31418.

4.

QFS has been properly served with process in this action as required by Georgia law and is subject to the jurisdiction of this Court.

5.

Adonai is a foreign limited liability company organized under the laws of the State of Florida, with its principal place of business located at 838 Mendoza Drive, Ponciana, Florida 34758. Adonai is subject to the jurisdiction and venue of this Court pursuant to the provisions of O.C.G.A.§ 40-1-117 (nonresident motor carrier) and O.C.G.A. § 14-2-510(b)(4) and may be served by serving its Registered Agent, Emma R. Pagan Rivera, at 838 Mendoza Drive, Ponciana, Florida 34758.

6.

Adonai has been properly served with process in this action as required by Georgia law, and is subject to the jurisdiction of this Court. Pursuant to Art. VI, Sec. II, Par. IV of the Georgia Constitution and the laws of the State of Georgia, venue of the instant action as to Adonai is proper in this Court by virtue of, inter alia, Adonai status as a joint-tortfeasor with QFS.

7.

Mr. Tellado was the driver of the tractor-trailer involved in the Incident, and, to the best knowledge of Plaintiffs, resides at 838 Mendoza Drive, Kissimmee, Florida 34758, where, in addition to other locations, he may be personally served with a copy of this Complaint and companion summons.

8.

Mr. Tellado is a resident of the State of Florida, with an address of 838 Mendoza Drive, Kissimmee, Florida 34758 and is subject to the venue and jurisdiction of this Court under the

authority of O.C.G.A § 40-12-3 and may be served by serving the Secretary of State, State of Georgia, as agent, pursuant to O.C.G.A. § 40-12-2.

9.

Mr. Tellado has been properly served with process in this action as required by Georgia law, and is subject to the jurisdiction of this Court. Pursuant to Art. VI, Sec. II, Par. IV of the Georgia Constitution and O.C.G.A. § 9-10-31(a), venue of the instant action as to Mr. Tellado is proper in this Court by virtue of, inter alia, Mr. Tellado's status as a joint-tortfeasor with QFS.

10.

Amtrust Insurance is a foreign insurance corporation that provided public liability insurance to QFS in satisfaction of the minimum financial responsibility levels imposed by the FMCSR and corresponding State law and is joined directly as a party to this action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140(d)(2). Pursuant to O.C.G.A. § 33-4-3, but without limiting Plaintiff's right to pursue other methods of service, Amtrust Insurance may be served through its registered agent for service of process in the State of Georgia, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

11.

Amtrust Insurance has been properly served with process in this action as required by Georgia law, and is subject to the jurisdiction of this Court. Pursuant to O.C.G.A. § 33-4-1(4) and other statutory and decisional authority, venue of the instant action as to Amtrust Insurance is proper in this Court by virtue of, inter alia, QFS' principal office being located in Chatham County, Georgia.

12.

Atlantic Insurance is a foreign insurance corporation that provided public liability insurance to QFS in satisfaction of the minimum financial responsibility levels imposed by the FMCSR and corresponding State law and is joined directly as a party to this action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140(d)(2). Pursuant to O.C.G.A. § 33-4-3, but without limiting Plaintiff's right to pursue other methods of service, Atlantic Insurance may be served through its registered agent for service of process in the State of Georgia, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

13.

Atlantic Insurance has been properly served with process in this action as required by Georgia law, and is subject to the jurisdiction of this Court. Pursuant to O.C.G.A. § 33-4-1(4) and other statutory and decisional authority, venue of the instant action as to Atlantic Insurance is proper in this Court by virtue of, inter alia, QFS' principal office being located in Chatham County, Georgia.

14.

Wesco Insurance is a foreign insurance corporation that provided public liability insurance to QFS in satisfaction of the minimum financial responsibility levels imposed by the FMCSR and corresponding State law and is joined directly as a party to this action pursuant to O.C.G.A. §§ 40-1-112 and 40-2-140(d)(2). Pursuant to O.C.G.A. § 33-4-3, but without limiting Plaintiff's right to pursue other methods of service, Wesco Insurance may be served through its registered agent for service of process in the State of Georgia, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

15.

Wesco Insurance has been properly served with process in this action as required by Georgia law, and is subject to the jurisdiction of this Court. Pursuant to O.C.G.A. § 33-4-1(4) and other statutory and decisional authority, venue of the instant action as to Wesco Insurance is proper in this Court by virtue of, inter alia, QFS' principal office being located in Chatham County, Georgia.

16.

This Court has subject matter jurisdiction over the controversy set forth in this Complaint by virtue of Ga. Const. 1983, Art. VI, § III, ¶ I and O.C.G.A. § 15-7-4.

17.

Jurisdiction is not proper, originally or by removal, in any United States District Court because the state law claims alleged herein do not depend necessarily upon a question of federal law and because complete diversity of the parties is lacking.

COMMON ALLEGATIONS GIVING RISE TO DAMAGES

18.

On or about April 11, 2019, Mr. Tellado was the driver of a 2012 Volvo heavy truck tractor, weighing more than 10,000 lbs. and bearing Florida license tag number CA62UI (the **"Tractor"**), which was pulling a chassis and bearing Tennessee license tag number T358858 (the **"Chassis"**, and together with the Tractor, the **"Tractor-Trailer"**).

19.

The Tractor is a "commercial motor vehicle" as defined under Section 390.5 of the FMCSR.

EXHIBIT A

20.

Plaintiff is informed and believes, and, based on that information and belief allege, that the Chassis was connected to the Tractor prior to the Incident through an agreement(s) between QFS and Adonai or their agents or intermediaries, whereby Adonai agreed to furnish the Tractor for use by QFS and its agents and employees in furtherance of QFS's interstate transportation business.

21.

On said date and time Mr. Tellado was operating the Tractor-Trailer in a southerly direction on Interstate 95 behind another large Freightliner Tractor Trailer truck being operated by Kevin Blevins.

22.

At said time and place, Mr. Gorman was traveling in a 2014 Chevrolet Equinox in a southerly direction on Interstate 95 directly behind the Tractor-Trailer being operated by Mr. Tellado.

23.

At said time and place, the Tractor-Trailer being operated by Kevin Blevins came to a stop for traffic congestion. Suddenly, and without warning, Mr. Tellado struck the rear of the Tractor-Trailer being operated by Mr. Blevins.

24.

Due to the sudden nature of the initial crash between Mr. Tellado and Mr. Blevins, a chain reaction of collision followed resulting in four collisions.

EXHIBIT A

25.

Due to the sudden nature of the initial crash between Mr. Tellado and Mr. Blevins, Mr. Gorman was unable to avoid the Tractor-Trailer being operated by Mr. Tellado. Mr. Gorman was then impacted from behind an additional two times by Mr. Johnathan Ray and Mr. James Tucker.

26.

Mr. Gorman's injuries arising out of this incident were so severe they resulted in his death.

27.

At all times mentioned in this Complaint, Mr. Gorman was lawfully and safely operating his automobile.

28.

In doing the things alleged in this Complaint, Mr. Tellado was engaged in the interstate transportation of property on behalf of QFS and under its operating authority as an interstate motor carrier and was subject to the provisions of the FMCSR and corresponding regulations of the State of Georgia.

29.

At all times mentioned in this Complaint, QFS was a motor carrier subject to the provisions of the FMCSR and corresponding regulations of the State of Georgia and obligated to comply with the minimum safety requirements for motor carriers set forth therein.

30.

At all times mentioned in this Complaint, Adonai was a motor carrier subject to the provisions of the FMCSR and corresponding regulations of the State of Georgia and obligated to comply with the minimum safety requirements for motor carriers set forth therein.

EXHIBIT A

<u>COUNT ONE</u>

(Negligence and Negligence Per Se of Mr. Tellado)

31.

Plaintiffs reallege and incorporate by reference herein each and every allegation contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.

At all times material to this Complaint, Mr. Tellado had a duty to exercise reasonable care in the inspection and operation of the Tractor-Trailer, and to observe and adhere to all applicable statutes, regulations, and other laws (and the safety requirements and standards of care imposed therein) while involved in the interstate transportation of property.

33.

In doing the things alleged herein, Mr. Tellado breached his duty to exercise reasonable care and to comply with applicable statutes, regulations, and other laws (and the security requirements and standards of care imposed therein), including, without limitation, the FMCSR and corresponding regulations of the State of Georgia.

34.

Without limiting the generality of paragraph 33 or setting forth an exhaustive listing of those acts and omissions constituting negligence on the part of Mr. Tellado, Mr. Tellado was negligent in the following particulars, for which he is liable:

(a)     failing to keep a proper lookout in the direction in which he was proceeding and his failure to take due observation of the situation confronting him;

(b)     failing to properly observe the highway and keep the Tractor-Trailer under control;

EXHIBIT A

(c)     negligently, carelessly and recklessly operating the Tractor-Trailer at the times relevant to this Complaint and causing the ensuing Incident;

(d)     failing to take every, or in fact any, precaution to avoid the Incident and otherwise acting in a reckless fashion;

(e)     negligently, carelessly and recklessly operating the Tractor-Trailer at the times relevant to this Complaint and causing the ensuing Incident; and

(f)     operating the Tractor-Trailer in reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390; and

(g)     operating the Tractor-Trailer in a defective condition and in need of repair  in violation of inter alia Sections 392.7(a) and 393.205 of the FMCSR and corresponding regulations of the State of Georgia.

35.

Mr. Gorman, as a member of the travelling public, is within the class of persons the statutes, regulations, and other laws described above are designed to protect, and Mr. Gorman's wrongful death is the type of harm such statutes, regulations, and laws are intended to prevent.

36.

As a result of one or more of the aforesaid tortious acts or omissions, whether constituting simple negligence or negligence per se, Mr. Tellado breached his duty of care to Mr. Gorman causing Mr. Gorman to suffer the wrongful death complained of herein, which was reasonably foreseeable and the natural and probable consequence of said acts and omissions.

37.

Mr. Tellado's negligence and negligence per se were a proximate cause of the Incident and Mr. Gorman's wrongful death, for which Mr. Tellado is liable.

EXHIBIT A

COUNT TWO

(Negligence and Negligence Per Se of Adonai)

38.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.

At all times material to this Complaint, Adonai had a duty to exercise reasonable care in the inspection and operation of the Tractor-Trailer, and to observe and adhere to certain statutes, regulations, and other laws (and the safety requirements and standards of care imposed therein) applicable to motor carriers engaged in interstate transportation of property and as a condition of the public franchise which it enjoys.

40.

In doing the things alleged herein, Adonai breached its duty to exercise reasonable care and to comply with applicable statutes, regulations, and other laws (and the security requirements and standards of care imposed therein), including, without limitation, the FMCSR and corresponding regulations of the State of Georgia.

41.

Without limiting the generality of paragraph 40 or setting forth an exhaustive listing of those acts and omissions constituting negligence on the part of Adonai, Adonai was negligent in the following particulars, for which it is directly and independently liable:

    (a)    failing to employ or retain people knowledgeable about the condition and operation of vehicles and equipment they are required to operate;

EXHIBIT A

(b)     allowing the operation of the Tractor-Trailer upon the highways of this state by unqualified and untrained employees;

(c)     failing to establish an adequate maintenance program for vehicles utilized in its interstate business operations, to include the Tractor-Trailer, so as to ensure that such vehicles are safe to be operated on the public roads and highways; and

(d)     failing to properly maintain vehicles and equipment utilized in its interstate business operations, to include the Tractor-Trailer, so as to ensure that such vehicles and equipment are safe to be operated on public roads and highways; and

(e)     negligently entrusting the Tractor-Trailer to a person whom Adonai knew or should have known was neither trained nor qualified to operate said vehicle.

42.

As a result of one or more of the aforesaid tortious acts or omissions, whether constituting simple negligence or negligence per se, Adonai breached its duty of care to Mr. Gorman causing the wrongful death complained of herein, which was reasonably foreseeable and the natural and probable consequence of said acts and omissions.

43.

Adonai's negligence and negligence per se were a proximate cause of the Incident and of Plaintiffs' injuries and damages, for which Adonai is liable.

COUNT THREE

(Imputed Negligence of Adonai for Acts and Omissions of Mr. Tellado)

44.

Plaintiffs reallege and incorporate by reference herein each and every allegation contained in Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

EXHIBIT A

45.

In doing all things alleged in this Complaint, Mr. Tellado was an employee or agent of Adonai, acting within the course and scope of said employment or agency and in furtherance of Adonai's interstate transportation business.

46.

Without limiting the generality of the forgoing paragraph 45, and based on Plaintiff's information and belief, it is alleged that the Tractor-Trailer was engaged in interstate commerce on behalf of Adonai.

47.

The statutory duties of Adonai set forth in paragraph 40 are nondelegable under the FMCSR and corresponding laws of the State of Georgia, including, without limitation, O.C.G.A. § 51-2-5(4).

48.

Accordingly, Adonai is liable for the negligent acts and wrongful conduct of Mr. Tellado through inter alia the nondelegable duty rule, statutory employer rule, doctrine of respondeat superior, and other theories of vicarious liability.

## COUNT FOUR

(Negligence and Negligence Per Se of QFS)

49.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

EXHIBIT A

50.

At all times material to this Complaint, QFS had a duty to exercise reasonable care in the inspection and operation of the Tractor-Trailer, and to observe and adhere to certain statutes, regulations, and other laws (and the safety requirements and standards of care imposed therein) applicable to motor carriers engaged in interstate transportation of property and as a condition of the public franchise which it enjoys.

51.

In doing the things alleged herein, QFS breached its duty to exercise reasonable care and to comply with applicable statutes, regulations, and other laws (and the security requirements and standards of care imposed therein), including, without limitation, the FMCSR and corresponding regulations of the State of Georgia.

52.

Without limiting the generality of paragraph 51 or setting forth an exhaustive listing of those acts and omissions constituting negligence on the part of QFS, QFS was negligent in the following particulars, for which it is directly and independently liable:

    (f)    failing to employ or retain people knowledgeable about the condition and operation of vehicles and equipment they are required to operate;

    (g)    allowing the operation of the Tractor-Trailer upon the highways of this state by unqualified and untrained employees;

    (h)    failing to establish an adequate maintenance program for vehicles utilized in its interstate business operations, to include the Tractor-Trailer, so as to ensure that such vehicles are safe to be operated on the public roads and highways; and

(i)     failing to properly maintain vehicles and equipment utilized in its interstate business operations, to include the Tractor-Trailer, so as to ensure that such vehicles and equipment are safe to be operated on public roads and highways; and

(j)     negligently entrusting the Tractor-Trailer to a person whom QFS knew or should have known was neither trained nor qualified to operate said vehicle.

53.

As a result of one or more of the aforesaid tortious acts or omissions, whether constituting simple negligence or negligence per se, QFS breached its duty of care to Mr. Gorman causing the wrongful death complained of herein, which was reasonably foreseeable and the natural and probable consequence of said acts and omissions.

54.

Adonai's negligence and negligence per se were a proximate cause of the Incident and of Plaintiffs' injuries and damages, for which QFS is liable.

COUNT FIVE

(Imputed Negligence of QFS for Acts and Omissions of Mr. Tellado)

55.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56.

In doing all things alleged in this Complaint, Mr. Tellado was an employee or agent of QFS, acting within the course and scope of said employment or agency and in furtherance of QFS's interstate transportation business.

EXHIBIT A

57.

Without limiting the generality of the forgoing paragraph 56, and based on Plaintiff's information and belief, it is alleged that the Tractor-Trailer was engaged in interstate commerce on behalf of QFS.

58.

The statutory duties of QFS set forth in paragraph 51 are nondelegable under the FMCSR and corresponding laws of the State of Georgia, including, without limitation, O.C.G.A. § 51-2-5(4).

59.

Accordingly, QFS is liable for the negligent acts and wrongful conduct of Mr. Tellado through inter alia the nondelegable duty rule, statutory employer rule, doctrine of respondeat superior, and other theories of vicarious liability.

COUNT SIX

(Imputed Negligence of QFS for Acts and Omissions of Adonai)

60.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61.

In doing all things alleged in this Complaint, Adonai was an agent of QFS, acting within the course and scope of said agency and in furtherance of QFS's interstate transportation business.

62.

Accordingly, QFS is liable for the negligent acts and wrongful conduct of Adonai through inter alia the nondelegable duty rule, theories of agency, doctrine of respondeat superior, and other

EXHIBIT A

theories of vicarious liability.

## COUNT FIVE

(Direct Action Contract Claim Against Amtrust Insurance)

63.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.

Plaintiff is informed and believes, and, based on that information and belief allege, that Amtrust Insurance furnished a policy of liability insurance to QFS in partial satisfaction of the minimum financial responsibility requirements imposed by the FMCSR.

65.

Said policy of liability insurance is intended for the protection of the public, of which Plaintiff is a part, against the tortious conduct of QFS and its employees and agents.

66.

Plaintiff is informed and believes, and based on that information and belief, allege that such policy of liability insurance is applicable to the Incident and provides coverage for the same.

67.

Plaintiff is informed and believes, and, based on that information and belief allege, that the policy number of the policy applicable to the Incident is WMC1018892-01.

EXHIBIT A

68.

Plaintiff is entitled to the proceeds from any such policy of liability insurance to the extent of her damages proximately caused by the negligence or other wrongful conduct of QFS or its employees and agents.

69.

Pursuant to the laws of the State of Georgia, including, without limitation, O.C.G.A. §§ 40-1-112 and 40-2-140, this direct action may be brought by Plaintiff and maintained against Amtrust Insurance.

70.

Any and all requirements and conditions precedent for the bringing of this direct action by Plaintiff have been satisfied.

(Direct Action Contract Claim Against Atlantic Insurance)

70.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.

Plaintiff is informed and believes, and, based on that information and belief allege, that Atlantic Insurance furnished a policy of liability insurance to QFS in partial satisfaction of the minimum financial responsibility requirements imposed by the FMCSR.

72.

Said policy of liability insurance is intended for the protection of the public, of which Plaintiff is a part, against the tortious conduct of QFS and its employees and agents.

EXHIBIT A

73.

Plaintiff is informed and believes, and based on that information and belief, allege that such policy of liability insurance is applicable to the Incident and provides coverage for the same.

74.

Plaintiff is informed and believes, and, based on that information and belief allege, that the policy number of the policy applicable to the Incident is 794000116.

75.

Plaintiff is entitled to the proceeds from any such policy of liability insurance to the extent of the damages proximately caused by the negligence or other wrongful conduct of QFS or its employees and agents.

76.

Pursuant to the laws of the State of Georgia, including, without limitation, O.C.G.A. §§ 40-1-112 and 40-2-140, this direct action may be brought by Plaintiff and maintained against Atlantic Insurance.

77.

Any and all requirements and conditions precedent for the bringing of this direct action by Plaintiff has been satisfied.

(Direct Action Contract Claim Against Wesco Insurance)

78.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 77 of this Complaint as if fully set forth herein.

EXHIBIT A

79.

Plaintiff is informed and believes, and, based on that information and belief allege, that Wesco Insurance furnished a policy of liability insurance to QFS in partial satisfaction of the minimum financial responsibility requirements imposed by the FMCSR.

80.

Said policy of liability insurance is intended for the protection of the public, of which Plaintiff is a part, against the tortious conduct of QFS and its employees and agents.

81.

Plaintiff is informed and believes, and based on that information and belief, allege that such policy of liability insurance is applicable to the Incident and provides coverage for the same.

82.

Plaintiff is informed and believes, and, based on that information and belief allege, that the policy number of the policy applicable to the Incident is WMC1018892.

83.

Plaintiff is entitled to the proceeds from any such policy of liability insurance to the extent of the damages proximately caused by the negligence or other wrongful conduct of QFS or its employees and agents.

83.

Pursuant to the laws of the State of Georgia, including, without limitation, O.C.G.A. §§ 40-1-112 and 40-2-140, this direct action may be brought by Plaintiff and maintained against Wesco Insurance.

EXHIBIT A

84.

Any and all requirements and conditions precedent for the bringing of this direct action by Plaintiff has been satisfied.

## COUNT SIX

(Damages as to QFS, Mr. Tellado, and Adonai)

85.

Plaintiff realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.

Ms. Gorman, as surviving spouse of Robert Gregory Gorman, claims damages against the Defendants for the full life of Robert Gregory Gorman, both economic and intangible, pursuant to O.C.G.A. §51-4-1 and §51-4-2.

87.

Ms. Gorman, as Administrator of the Estate of Robert Gregory Gorman, claims general damages against the Defendants for all elements of the pain and suffering, physical and mental, including shock, fright and terror, endured by Mr. Gorman from the time of the incident up until the time of his death in an amount to be determined by an enlightened conscience of the jury after hearing the evidence at trial.

88.

Ms. Gorman, as Administrator of the Estate of Robert Gregory Gorman, claims special damages against the Defendants for medical expenses, funeral expenses and property damage incurred on behalf of the estate in an amount which reflects the reasonable value of those services and property as established by the evidence at trial.

EXHIBIT A

89.

Ms. Gorman, as Administrator of the Estate of Robert Gregory Gorman, claims general punitive damages against the Defendants in an amount determined by the enlightened conscience of the jury for Mr. Tellado's willful misconduct, malice, wantonness, and entire want of care which would raise the presumption of conscious indifference to consequences.

**WHEREFORE**, Plaintiff demand a trial by jury and pray as follows:

(a) That service of process be issued and had upon each of the Defendants;

(b) That judgment be entered on their Complaint against Defendants for all compensatory (both general and special), statutory, punitive, and other damages of whatever kind recoverable at law as the evidence shows they are justly entitled to receive;

(c) That all costs of this action be assessed against Defendants;

(d) That Plaintiff be granted such other and further relief as is just and proper.

This the 23rd day of March, 2021.

Respectfully submitted,

**OSTEEN LAW GROUP, LLC**

By: *James N. Osteen, Jr.*
James N. Osteen, Jr.
Georgia Bar No. 555190
101 Fraser Street
Hinesville, Georgia 31313
Telephone: (912) 877-2211
Email: jordan@osteenlaw.com

EXHIBIT A